PEOPLE v STEVENS

1. CRIMINAL LAW—PLEA OF GUILTY—UNKEPT PROMISE.

A defendant is entitled to relief if his plea of guilty was induced by an unkept promise.

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—PROMISE OF LENIENCY.

Language used in plea bargaining need not be absolutely promissory in form to be fairly interpreted as a promise of leniency because there is no room for a distinction between tacit and express understandings.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—PROMISE OF LENIENCY.

A defendant was justified in believing that the sentencing judge would exercise his reserved discretion within the boundaries to which he had already indicated he was inclined when he sought to persuade the defendant through his lawyer to plead guilty notwithstanding the judge's question to the defendant at the time the plea was taken: "Do you know and understand that the discretion in sentencing you lies solely with the court and that no one may make any promises in your behalf which the court will honor?"

4. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—UNKEPT PROMISE.

The Court of Appeals may, after considering all the circumstances and finding that a plea bargain has not been kept, where the defendant has requested relief in the alternative, either vacate the plea of guilty or remand the defendant for resentencing in accordance with the sentence promised during the plea bargaining.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 November 13, 1972, at Detroit. (Docket No. 13499.) Decided March 28, 1973.

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Mark P. Stevens was convicted, on his plea of guilty, of conspiring to place explosives with intent to destroy property. Defendant appeals. Affirmed, and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Zemke, Lustig & Leiken, P. C.,* for defendant on appeal.

Before: LEVIN, P. J., and BRENNAN and O'HARA,* JJ.

LEVIN, P. J. The defendant, Mark Peter Stevens, and other persons were charged under a two-count information with the crimes of (1) conspiring to place explosives with the intent to destroy property (MCLA 750.157a, 750.206; MSA 28.354(1), 28.403) and (2) the actual placing of explosives. MCLA 750.206; MSA 28.403.

Stevens pled guilty to the conspiracy count and was later sentenced to serve a term of 10 to 15 years in state prison. Subsequently, with the aid of a newly retained attorney, he moved to withdraw his plea of guilty claiming that his plea was prompted by a promise of leniency that was not fulfilled at the time of sentencing.

At the hearing on the motion Stevens testified that he was present when a telephone call was received from the judge and that the judge spoke to his lawyer and to an assistant prosecuting attorney. From what he could overhear and make out, Stevens gained the impression that the judge

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

indicated he would like to see a quick disposition of the case, and that the original offer was for a minimum of one year, maximum of ten years. The prosecutor objected saying this was too lenient. Then there was an offer of 3 years to 25 years, no more than 5 years to 25 years, to which the prosecutor agreed. The lawyer told Stevens that this was a firm guarantee.

Stevens' lawyer testified that the judge did indeed discuss minimum sentences of three to five years, but did not "promise"—rather, merely "indicated" he would be "inclined"—to give the minimum sentence discussed: "The court indicated that it would be probably inclined to offer, or pardon me, the court would be inclined to sentence a minimum of three years and a maximum term and discussion then occurred at the other end of the line. * * * The court then continued and indicated that probably he would be inclined to go then with a five-year minimum. At no time was a promise made however."

The lawyer said that subsequently he discussed the matter with Stevens and told him that "the judge would probably be inclined to go to 3 to 25 or 5 to 25. At no time did I promise or indicate the judge would definitely go. * * * I indicated probability, I informed him there was no guarantees." He said further that later, when Stevens learned of the actual sentence, he became "extremely distraught and very unhappy. * * * I think he indicated, 'I thought I was going to get five.' "

The hearing on the motion to withdraw guilty plea was conducted by the same judge who was alleged to have made the promise. The judge denied the motion saying that Stevens had not claimed that he had ever had a conversation with the judge. The judge said he believed the testi-

mony of Stevens' lawyer was the credible testimony in the matter. The judge said it was incumbent on Stevens to deny his guilt before asking that his plea be set aside. The judge added that the sentence was justified by the presentence investigation and what Stevens had said in open court; the judge said that anyone reading Stevens' own words would become convinced that he was a person who wished to overthrow our government by the use of bombs. The judge continued:

"Whatever could have been contemplated previously, it would seem to me that the sentence which was pronounced was not only fully considerate of the need of protecting the public but also fully considerate of the hope and possibility that the defendant will become more rational in his thinking processes that liberties cannot be attained by violence in a democratic free society."

The rule is established that a defendant is entitled to relief if his plea of guilty was induced by an unkept promise. *In re Valle,* 364 Mich 471, 478 (1961); *People v Johnson,* 386 Mich 305, 311, 315 (1971); *People v Bartlett,* 17 Mich App 205 (1969); *People v Eck,* 39 Mich App 176, 178 (1972).

In *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), the defendant had pled guilty in state court after an assistant district attorney had promised to make no recommendation concerning the sentence to be imposed. At the time of sentencing, this agreement was violated by another assistant district attorney. The United States Supreme Court held that even though the judge said he had not been influenced by the assistant district attorney's recommendation, the defendant was entitled to relief because of the breach of the plea agreement. The majority of the

Court declared that the "ultimate relief"—setting aside the plea or specific performance of the plea agreement—would be left to the discretion of the state court because it was "in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.,* the opportunity to withdraw his plea of guilty". 404 US at 263; 92 S Ct at 499; 30 L Ed 2d at 433.

The *Santobello* opinion was handed down in the fall of 1971 when only seven justices were sitting. Mr. Justice Douglas, concurring, stated that he joined in the Court's opinion because he was of the opinion that where there was a breach of a plea agreement "the sentence must be vacated and the state court will decide in light of the circumstances of each case whether due process requires (a) that there be specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges. One alternative may do justice in one case, and the other in a different case. In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea agreement are those of the defendant, not of the state." 404 US at 267; 92 S Ct at 501; 30 L Ed 2d at 436.

Three of the justices, Marshall, Brennan, and Stewart, dissented because they would not permit specific performance, saying that it seemed to them that a breach of the plea agreement provided ample reason to permit the plea to be vacated and,

since that was the relief sought, that was the relief to which the defendant was entitled.

In this case Stevens' plea of guilty was impermissibly induced. See *People v Earegood,* 12 Mich App 256 (1968); ABA Minimum Standards for Criminal Justice Relating to Pleas of Guilty, § 3.3(a). The judge made a telephone call to Stevens' lawyer; conversation ensued regarding the disposition of the case on a plea agreement.

On the post-conviction hearing, the judge found that the testimony of Stevens' lawyer was credible. The lawyer had testified that while the judge did not promise he did indicate that he would be inclined to sentence to a minimum term of 3 years or perhaps 5 years with a maximum of 25 years.

In the *Valle* case (pp 477–478), the Michigan Supreme Court declared that it was not necessary that the words used be absolutely promissory in form; that the plea may be withdrawn if a fair interpretation of the language used was a promise of leniency:

"[T]he people deny that any such bargain was made. The language heretofore quoted, namely, 'I have talked with the prosecuting attorney who informs me that under the circumstances he would not be opposed to probation with a 6-months' jail term; and the defendant wishes to enter a plea of guilty to the second count' is, obviously, susceptible of various interpretations. It is true that an astute lawyer would realize, as the people point out, that the prosecutor could not bind the judge, and, indeed, that the prosecutor's nonopposition to jail-plus-probation is not the same as his approval or recommendation thereof. But the inquiry in these circumstances is not what an astute lawyer would take as the meaning of the words used. In this situation we do not require that the promise of leniency be established beyond any doubt whatever, or even beyond any reasonable doubt in the mind of one learned in the law and acquainted with judicial administration. The require-

ment is far less stringent: If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant (in our case of foreign extraction and with only an eighth-grade education, presumably in court for the first time) is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial."

Subsequently, in *People v Pallister,* 14 Mich App 139, 148 (1968), we declared, on the authority of *Valle:* "There is no room for a distinction between tacit and express understandings". *Cf. People v Palma,* 25 Mich App 682, 684 (1970); *People v Bartlett,* 17 Mich App 205, 217 (1969).

The judge's apparent role in the plea bargaining gave a reasonable basis for the defendant's impression that the judge had agreed notwithstanding the judge's statement at the time the plea was offered, "Do you know and understand that the discretion in sentencing you lies solely with the court and that no one may make any promises in your behalf which the court will honor?" A reasonable man would still have been entirely justified in believing that the judge would exercise his reserved discretion within the boundaries to which he had already indicated he was inclined when he sought to persuade the defendant through his lawyer to plead guilty or that, if he decided otherwise, he would give the defendant a reasonable opportunity to consider whether he wished to withdraw his plea.[1]

In *People v Eck, supra,* a case where a plea

---

[1] The ABA Minimum Standards for Criminal Justice Relating to Pleas of Guilty, § 2.1(a)(ii)(5), would permit withdrawal of a plea of guilty if the defendant "did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm his plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea".

bargain had not been kept and the defendant had requested that he either be allowed to withdraw his plea or that his sentence be vacated, another panel of our Court decided not to vacate the plea and remanded the case for resentencing because, after considering all the circumstances, the Court was of the opinion that it would be preferable merely to vacate the sentence.

In this case the relief requested is also in the alternative, Stevens having asked for vacation of the plea or that he be sentenced according to the original bargain.

Stevens is remanded to the trial court for resentencing; on resentencing, the minimum set by the judge shall not exceed five years. The court administrator is requested to assign a judge other than the judge who accepted the plea and who sentenced Stevens for resentencing.

Conviction affirmed. Remanded for resentencing.

All concurred.