PEOPLE v SCHUSTER

Docket No. 77-4872. Submitted June 6, 1978, at Grand Rapids.—
Decided October 18, 1978.

Thomas Schuster was convicted, on his plea of guilty, of receiving
or concealing stolen property, in Iosco Circuit Court, Allan C.
Miller, J. The plea was accepted as part of a plea bargain in
which an additional charge of unlawfully taking possession of
and driving away a motor vehicle, arising from the same
transaction, was dropped by the prosecutor. Defendant appeals.
*Held:*

There was no factual basis to support the conviction, because
the statute which prohibits buying, receiving, or aiding in the
concealment of stolen property does not encompass the thief
himself. The prosecutor is not prevented from reinstating the
charge of unlawfully taking possession of and driving away a
motor vehicle, however, because that offense is not a higher
offense than the offense of receiving or concealing stolen prop-
erty.

Reversed and remanded.

1. CRIMINAL LAW—STATUTES—BUYING, RECEIVING OR CONCEALING
STOLEN GOODS.

The statute which prohibits buying, receiving, or aiding in the
concealment of stolen goods does not encompass the thief
himself (MCL 750.535; MSA 28.803).

2. CRIMINAL LAW—PLEA OF GUILTY—HIGHER OFFENSE—SAME TRANS-
ACTION.

The state may not charge a defendant with a higher offense,
arising out of the same transaction, after a guilty plea has been
accepted.

3. CRIMINAL LAW—UNLAWFUL POSSESSION OF MOTOR VEHICLE—RE-
CEIVING AND CONCEALING STOLEN GOODS—STATUTES.

The offense of unlawfully taking possession of and driving away a

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 66 Am Jur 2d, Receiving Stolen Property § 11.
[2] 21 Am Jur 2d, Criminal Law § 496.

motor vehicle is not a higher offense than receiving and concealing stolen property (MCL 750.413, 750.535; MSA 28.645, 28.803).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen H. Naegele,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Keith D. Roberts,* Assistant Attorney General), for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

PER CURIAM. The defendant, Thomas Schuster, was originally charged in a two-count information with receiving or concealing stolen property, MCL 750.535; MSA 28.803, and unlawfully taking possession of and driving away a motor vehicle, MCL 750.413; MSA 28.645. As part of a plea bargain the prosecutor agreed to drop the latter charge if the defendant pled guilty and was in fact guilty of the receiving or concealing charge. The defendant's plea to receiving or concealing was accepted by the trial judge, and the defendant was sentenced to 3 years, 3 months to 5 years in prison. The defendant appeals by right. GCR 1963, 806.1.

The facts adduced at the plea proceeding tended to show that the defendant himself took the automobile without any permission from the owner and drove it away with the intent to sell it.

It is readily apparent that no factual basis was established to support the defendant's conviction of receiving or concealing. The statute which prohibits buying, receiving, or aiding in the conceal-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ment of stolen goods does not encompass the thief himself. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). Therefore, the defendant's conviction must be set aside.

The prosecutor is not barred from reinstating the charge of unlawfully taking possession and driving away a motor vehicle under *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973). *McMiller* prohibits the state from charging the defendant with a higher offense after a guilty plea, arising out of the same transaction, has been accepted. In the present case the crimes of receiving or concealing stolen property and unlawfully taking possession and driving away a motor vehicle are both punishable by a five year maximum prison sentence. Therefore, the latter charge is not a higher offense, and the prosecutor may reinstate it if he feels that the ends of justice will be served thereby.

Reversed and remanded for proceedings not inconsistent with this opinion.