PEOPLE v RICHARDS

Docket Nos. 78-2775, 78-2776, 78-2777. Submitted November 20, 1979,
at Detroit.—Decided February 20, 1980.

Charles Richards was charged with assault with intent to rob
being armed, armed robbery, receiving and concealing stolen
property over the value of $100 and unlawfully taking posses-
sion of and driving away a motor vehicle. A plea agreement
was reached wherein the defendant would plead guilty to the
charges of armed robbery and assault with intent to rob being
armed in exchange for dismissal of the other two charges. The
defendant also entered into a sentence agreement with the
Recorder's Court of Detroit, Patricia J. Boyle, J., under which it
was agreed that in exchange for pleading guilty the defendant's
minimum sentence would be limited to five years. The defen-
dant entered the agreed-upon pleas and the court took them
under advisement pending the receipt of the defendant's pre-
sentence report. At that time the defendant informed the court
that he was not on parole and had no criminal record. The
presentence report revealed that the defendant's true name
was Emanuel Moduck and that the defendant was on parole
and had a prior criminal record. Because of this information
the trial court informed the defendant that the sentence agree-
ment was being withdrawn and gave him an opportunity to
withdraw his guilty pleas. The defendant declined the opportu-
nity to withdraw his pleas and entered an additional plea of
guilty to the charge of receiving and concealing stolen property
over the value of $100. The trial court dismissed the charge of
unlawfully driving away a motor vehicle. The defendant ap-
peals, alleging 1) that his convictions for the crimes of assault
with intent to rob being armed and armed robbery must be set
aside because the trial court failed to fulfill its sentence agree-
ment, 2) that his guilty pleas to the charges of armed robbery

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 491.5, 505.
    Right to withdraw guilty plea in state criminal proceedings where
    court refuses to grant concession contemplated by plea bargain.
    66 ALR3d 902.
[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 11.

and assault with intent to rob being armed were wrongfully induced by his attorney's representations that he would receive concurrent sentences which were less than those received, 3) that the trial court failed to provide him with a reasonable opportunity to address the court prior to sentencing, and 4) that the trial court erred in accepting his guilty plea on the charge of receiving and concealing stolen property. *Held:*

1. It is well-settled that a defendant is entitled to relief if his plea of guilty is induced by an unkept promise. However, the record fails to demonstrate that such was the situation in the instant case. The defendant was advised that his pleas would be taken under advisement pending the receipt of the presentence report and the defendant was adequately informed that all aspects of the plea agreement were being withdrawn. The pleas of guilty were not induced by an unfulfilled sentencing agreement.

2. The record fails to disclose any representations by the defendant's attorney as to any agreement on concurrent sentences of 7-1/2 to 15 years if the defendant were to plead guilty to the assault with intent to rob being armed and armed robbery charges. Further, the defendant does not allege that his counsel represented that the court or the prosecution made any promises in this regard.

3. The record discloses that the defendant had several opportunities to advise the court of any extenuating circumstances relevant to the sentencing procedure and that the trial court observed that the defendant had a right to speak before the court. That the defendant failed to exercise this right is not grounds for reversal.

4. The defendant's conviction for receiving and concealing stolen property in excess of $100 is vacated. A thief cannot be convicted of buying, receiving or aiding in the concealment of property which he stole.

Affirmed in part and reversed in part.

1. CRIMINAL LAW — PLEA OF GUILTY — UNKEPT PROMISES.

A defendant who has entered a plea of guilty in response to a plea bargain is entitled to relief if the plea was induced by an unkept promise.

2. CRIMINAL LAW — RECEIVING STOLEN PROPERTY — PLEA OF GUILTY — LESSER INCLUDED OFFENSES.

A thief may not be convicted of buying, receiving or aiding in the concealment of property which he stole; not only is the offense of receiving and concealing stolen goods inapplicable to the

thief himself, but it is reversible error to accept a thief's plea of guilty to the offense of receiving and concealing stolen property over $100 as a lesser offense to a charge of robbery where, in entering the plea, the thief admits stealing the property.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy C. Scallen,* Assistant Prosecuting Attorney, for the people.

*Jack Jaffee (Howard Hertz,* of counsel), for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

M. J. KELLY, J. Defendant was charged with the crimes of assault with intent to rob being armed, MCL 750.89; MSA 28.284, armed robbery, MCL 750.529; MSA 28.797, receiving and concealing stolen property over the value of $100, MCL 750.535; MSA 28.803, and unlawfully taking possession of and driving away a motor vehicle, MCL 750.413; MSA 28.645. The defendant entered into an agreement with the prosecutor under which the defendant would plead guilty to the charges of armed robbery and assault with intent to rob in exchange for the prosecutor's agreement to dismiss the charges of receiving and concealing stolen property and unlawfully driving away a motor vehicle. The defendant also entered into a sentence agreement with the court under which it was agreed that in exchange for pleading guilty the defendant's minimum sentence would be limited to five years. The defendant entered these pleas May 5, 1978, and the court took them under

* Circuit judge, sitting on the Court of Appeals by assignment.

advisement pending the receipt of defendant's presentence report. At that time the defendant informed the court that he was not on parole and had no criminal record.

On May 15, 1978, the defendant appeared before the court for sentencing. The presentence report revealed that the defendant's true name was not Charles Richards, but was in fact, Emanuel Moduck. It additionally revealed that the defendant had a prior record and that he was on parole at that time. Because of thsi information the court informed the defendant that the sentence agreement was being withdrawn and gave him an opportunity to withdraw his plea. The defendant declined this opportunity and entered an additional plea of guilty to the charge of receiving and concealing stolen property over the value of $100. The court dismissed the charge of unlawfully driving away a motor vehicle and sentenced the defendnat on the other charges as follows: 7-1/2 to 15 years for the crime of assault with intent to rob, 10 to 20 years for the crime of armed robbery and 40 to 60 months for the crime of receiving and concealing stolen property over the value of $100. The defendant now appeals these convictions as of right.

Initially, the defendant contends that his convictions for the crimes of assault with intent to rob being armed and armed robbery must be set aside because of the court's failure to fulfill its sentence agreement. Particularly the defendant argues that, while the court made it clear at the sentence hearing that the prosecutor's plea bargain was being withdrawn, it never indicated that it was also withdrawing the sentence agreement.

It is well-settled that a defendant is entitled to relief if his plea of guilty is induced by an unkept

promise. *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961), *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973), *People v Davis,* 74 Mich App 624; 254 NW2d 335 (1977). However, the record in the instant case fails to demonstrate that such was the situation here.

The guilty plea hearing was held on May 5, 1978. At that time the court informed the defendant that his pleas would be taken under advisement pending the receipt of his presentence report and that if the court could not stand by its sentence agreement he would be given an opportunity to withdraw his pleas. Thereafter, at the sentence hearing, the court informed the defendant that the plea agreement was being withdrawn because of the misrepresentations revealed in the presentence report. At this proceeding the following colloquy took place between the defendant and the court:

"THE COURT: You understand also that *part* of the original agreement when you offered your pleas was that the prosecutor's office, in exchange for acceptance of the plea would dismiss the receiving and concealing stolen property charge.
"THE DEFENDANT: Yes.
"THE COURT: That offer has been withdrawn, *too,* you understand that?
"THE DEFENDANT: Yes." (Emphasis added.)

From this exchange we conclude that the defendant was adequately informed that all aspects of the plea agreement, including the sentence bargain were being withdrawn. Accordingly his claim that his guilty plea was induced by an unfulfilled sentence agreement is without merit.

Defendant next argues that his pleas to the charges of armed robbery and assault with intent

to rob being armed were wrongfully induced by his attorney's representations that he would receive concurrent sentences of 7-1/2 to 15 years upon pleading guilty. He contends that because this promise was unfulfilled he should be permitted to withdraw his guilty pleas.

This claim is without merit. A review of the record fails to disclose that any statements were made concerning such a promise. Further, the defendant does not allege that his counsel represented that the court or the prosecutor made any promises in this regard. Accordingly defendant's reliance on *People v Brooks,* 396 Mich 118; 240 NW2d 1 (1976), is misplaced.

The defendant also contends that the court erred in failing to provide him with a reasonable opportunity to address the court prior to sentencing as required under GCR 1963, 785.8(2). We disagree.

The record in this case discloses that the defendant had several opportunities to advise the court of any extenuating circumstances relevant to the sentencing procedure. Further, at the sentence hearing the trial judge twice observed that the defendant had a right to speak before the court. That the defendant failed to exercise this right is not a ground for reversal. *People v Schaefer,* 69 Mich App 353; 244 NW2d 479 (1976).

Finally, the defendant argues that the court erred in accepting his guilty plea to the crime of receiving and concealing stolen property. Particularly the defendant contends that his statement to the court failed to provide an adequate factual basis to support such a conviction. We are forced to agree. We thought that a defendant who admitted a greater offense in pleading guilty to a lesser offense extinguished any meritorious basis for appeal as part of the plea bargaining process. We so

held in an unpublished per curiam opinion entitled *People v Ashford* (docket No. 77-3548, decided January 4, 1979), in which we relied primarily on *People v Mauch,* 397 Mich 646, 667; 247 NW2d 5 (1976), where the Court concluded:

"The issue of factual basis does not relate to guilt or innocence, but to whether there is evidence on which the trier of fact *might have convicted* the defendant at trial. A defendant can protest his innocence and yet plead guilty if his plea, under all the circumstances, is an informed, understanding choice of the alternatives that confront him." (Emphasis added.)

We were incorrect because the Supreme Court on September 24, 1979, peremptorily reversed us. *People v Ashford,* 407 Mich 870 (1979):

"Pursuant to GCR 1963, 853.2(4), we vacate the plea-based conviction for receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. The thief cannot be convicted of buying, receiving or aiding in the concealment of property which he stole. *People v Kyllonen,* 402 Mich 135 [262 NW2d 2] (1978)."

Therefore, the Michigan Supreme Court has not only held that the receiving and concealing statute is inapplicable to the thief himself, *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), see also *People v Newby,* 82 Mich App 489; 266 NW2d 492 (1978), but that the thief who admits stealing the property on plea of guilty to a lesser offense of receiving and concealing stolen property over $100 has effectively created reversible error.

Accordingly, defendant's conviction on this ground is vacated.

In so holding we do not bar the prosecutor from reinstating the charge of unlawfully taking possession of and driving away a motor vehicle. *People v Schuster,* 86 Mich App 601; 272 NW2d 352 (1978).

Affirmed in part and reversed in part.