PEOPLE v BONNER

Docket Nos. 51674-51681. Submitted October 1, 1980, at Detroit.—
Decided December 16, 1980.

Jackie Bonner, pursuant to a plea-bargain agreement, pled guilty
to eight counts of receiving or concealing stolen property va-
lued over $100, Detroit Recorder's Court, Samuel C. Gardner, J.
He appeals, alleging that he was entrapped by police officers
and that this defense was not waived by his plea, that his
conviction for receiving and concealing stolen property on
seven of the counts was precluded since, in those instances, he
was the thief, and that his conviction on the remaining count
should be reversed because of an insufficient factual basis to
establish the crime. Claims of appeal for each conviction were
consolidated on appeal. *Held:*

1. Entrapment is neither a jurisdictional nor a complete
defense to the crimes charged and thus was waived by defen-
dant upon the proper entry of his plea of guilty.

2. The record does not establish a sufficient factual basis for
defendant's conviction on seven of the counts of receiving or
concealing stolen property. The cases are remanded to the trial
court, and the prosecutor there shall be given an opportunity to
supplement the record to show that defendant helped to con-
ceal the property after he sold it to undercover officers.

3. Defendant's testimony regarding the value of the stolen
property in the remaining offenses provided a sufficient factual
basis to establish the crime. Defendant's conviction on this
offense is affirmed.

Affirmed in part, reversed in part and remanded.

CYNAR, J., dissented. He would remand all eight convictions

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 495.
[3] 50 Am Jur 2d, Larceny §§ 80-82.
   73 Am Jur 2d, Statutes §§ 294, 295.
[4] 21 Am Jur 2d, Criminal Law §§ 492, 496.
[5] 5 Am Jur 2d, Appeal and Error § 974.
[6] 21 Am Jur 2d, Criminal Law §§ 143, 144.

for an evidentiary hearing on the issue of defendant's entrapment defense.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF DEFECTS.

A guilty plea does not waive jurisdictional defects in a prosecution or complete defenses to crimes charged, although nonjurisdictional defects are waived by the plea, and this waiver doctrine should be liberally applied in favor of waiver.

2. CRIMINAL LAW — ENTRAPMENT — GUILTY PLEAS — WAIVER OF DEFECTS.

Entrapment should not be considered to be either a jurisdictional defect or a complete defense in applying the doctrine which maintains that nonjurisdictional defects are waived by a plea of guilty.

3. CRIMINAL LAW — STOLEN GOODS — RECEIPT AND CONCEALMENT — THIEVES — STATUTES.

The statute which proscribes receiving or concealing stolen goods is to be strictly construed to exclude thieves who conceal property which they have stolen, but a sale or other transfer of stolen property by a thief marks the end of the original crime of larceny, and any further aid rendered by the thief which has a tendency to conceal property from an owner's observation or a transfer of stolen property followed by purchase or receipt back of the property by the thief may be considered aid rendered to another and may be punished under the statute (MCL 750.535; MSA 28.803).

4. CRIMINAL LAW — GUILTY PLEAS — ELEMENTS — BASIS FOR ACCEPTANCE.

It is a defendant's word which establishes all the elements in every guilty plea, and a factual basis for acceptance of a guilty plea exists where an inculpatory inference can be drawn from facts admitted by the defendant, even where an exculpatory inference could also be drawn.

DISSENT BY CYNAR, J.

5. APPEAL — MOTIONS AND ORDERS — COURT RULES.

*An appellant may move to remand a case to the trial court within the time provided for filing his brief on appeal, and a timely motion must be granted where it identifies an issue sought to be reviewed on appeal and shows that a testimonial record must be developed to support the issue or that the issue*

*should be initially decided by the trial judge (GCR 1963, 817.6[1]).*

6. Criminal Law — Entrapment — Ascertainment of Facts.

*A trial court and not the Court of Appeals should ascertain the facts in a criminal case where a defense of entrapment depends upon resolution of factual disputes.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Ronald A. Molter,* for defendant on appeal.

Before: J. H. Gillis, P.J., and Bashara and Cynar, JJ.

Bashara, J. The defendant was charged with 12 counts of receiving or concealing stolen property valued over $100, MCL 750.535; MSA 28.803. Pursuant to a plea-bargain agreement, the trial court accepted defendant's plea of guilty to eight of the offenses, and the remaining four charges were dismissed.

Defendant alleges on appeal that he was entrapped by police officers and that the defense of entrapment is not waived by a plea of guilty. This is an issue of first impression. However, there are cases which hold that nonjurisdictional defects are waived by the plea. See *People v Ginther,* 390 Mich 436, 440; 212 NW2d 922 (1973). On the other hand, a guilty plea does not waive jurisdictional defects or "complete defenses", *i.e.,* those issues that concern the state's authority, as opposed to capacity, to bring a defendant to trial. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976) (plea of guilty in prosecution barred by double jeopardy), *People v Beckner,* 92 Mich App

166, 169; 285 NW2d 52 (1979) (plea of guilty to charge brought under inapplicable statute).

The waiver doctrine has been liberally applied in favor of waiver due to the state's interest in finality of guilty pleas. *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978). Entrapment is not a jurisdictional defense. Furthermore, we do not believe that it is a "complete defense". By pleading guilty, the defendant not only admits that he committed the crime but also that he did so with the requisite intent and of his own free will. Therefore, we hold that the defendant is precluded from raising the entrapment issue after a plea of guilty has properly been entered.

Defendant argues that, in seven of the eight offenses, he was the thief, thereby precluding his conviction for receiving or concealing stolen property. Review of the transcript reveals that the defendant admitted stealing and selling the cars.

*People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), is controlling. In *Kyllonen,* the defendant signed a confession that was admitted at trial in which he admitted stealing a truck and then concealing it and attempting to sell it. Another defendant, whose appeal was consolidated with *Kyllonen's,* was caught in a high speed chase just after stealing a car from an acquaintance. Both defendants were convicted of receiving or concealing stolen goods.

On appeal, the defendants argued that the receiving or concealing statute did not encompass theft. The Court of Appeals affirmed the convictions, holding that a thief could be convicted under the receiving or concealing statute as long as he was not also convicted of larceny.

The Supreme Court examined the legislative history of the receiving or concealing stolen goods

statutes and determined that the "everyday under-
standing of the language employed excludes the
person who committed the larceny". *Id.,* 145.

The Court concluded:

"Therefore, the statute should be strictly construed to
exclude thieves who conceal property they have stolen.
Under the Michigan statutory scheme, thieves are to be
punished for larceny. Persons who help thieves or oth-
ers conceal stolen property are to be punished for
aiding in the concealment of stolen property." *Id.,* 148.

However, the Court stated exceptions to this
rule. Most importantly, the Court stated:

"*A sale or other transfer of stolen property by the
thief marks the end of the original crime of larceny.*
After this, aid rendered by the thief which has a
tendency to conceal the property from the owner's
observation may be considered aid rendered to another
and may be punishable under MCL 750.535; MSA
28.803. The transferee may become the principal felon,
guilty of buying or receiving as the case may be, and
the thief may become his assistant. Similarly, if the
thief transfers stolen property and then buys or re-
ceives it back, he may be prosecuted and convicted
under this statute." *Id.,* 149-150. (Emphasis added.)

The Court reversed the convictions because the
jury may have convicted the defendants of receiv-
ing or concealing stolen property because it be-
lieved the defendants were thieves.

The record does not establish a sufficient factual
basis for the seven convictions.[1] Those cases are
remanded to the trial court. The prosecutor shall
there be given an opportunity to supplement the

---

[1] Lower court cases #78-07375 through #78-07381 comprise the
seven cases involving the theft of automobiles. The eighth conviction,
#78-07382, has not been challenged on this bases. The record estab-
lishes that the defendant was not the thief in case #78-07382.

record to show that the defendant helped to conceal the property after he sold it to the undercover officers.

If he is able to do so and there is no contrary evidence, the convictions shall be affirmed. If the prosecutor is unable to establish the missing element, the convictions shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea, and the court shall decide the matter in the exercise of its discretion. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977).

Finally, the defendant argues that the remaining conviction should be reversed because of an insufficient factual basis to establish the crime. Defendant argues that his testimony that the projector is worth more than $100 is only his opinion and not enough to establish that element. We disagree. It is the defendant's word that establishes all the elements in every guilty plea. We see no reason to disbelieve his statement that a sound projector is worth at least $100. A factual basis for acceptance of a plea of guilty exists if an inculpatory inference could be drawn from facts admitted by the defendant, even if an exculpatory inference could also be drawn as now asserted by the defendant. *Id.,* 130.

The conviction in lower court case #78-07382 is affirmed. The remaining cases are remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, reversed in part and remanded.

J. H. GILLIS, P.J., concurred.

Cynar, J. *(dissenting).* I am in accord with the majority that proof as to value of the property with respect to one contested charge was sufficiently established at the time of defendant's plea. Because the record does not establish a sufficient factual basis for seven convictions, a remand to the trial court is required for purposes of affording the prosecution an opportunity to supplement the record in order to establish that defendant helped to conceal the stolen property after he sold it to the undercover officers.

It is my further opinion that all eight convictions require a remand to the trial court for an evidentiary hearing concerned with the defendant's entrapment defense.

GCR 1963, 817.6(1) provides that, within the time provided for filing the appellant's brief, appellant may move to remand to the trial court. A timely motion must be granted if it identifies an issue sought to be reviewed on appeal and shows that a testimonial record must be developed to support the issue or that the issue should be initially decided by the trial judge. In my opinion, appellant's affidavit identifies an issue to be reviewed on appeal, and it is plain that a record must be developed to support the issue or that the issue should be decided *ab initio* by the trial judge. Since the guilty pleas in seven cases already require a remand to establish a sufficient factual basis, this is all the more reason that, upon remand, the trial court first should hold a hearing for all the cases on the issue of entrapment.

As stated in *People v D'Angelo,* 401 Mich 167, 179, 182; 257 NW2d 655 (1977):

"When an accused claims entrapment he is asserting, in essence, entitlement to the benefit of a judicial policy that his claim, if true, *is a bar to the prosecution of the*

*case.* His claim *does not involve an assessment of guilt or innocence* and, in fact, is irrelevant to it. * * * The defense of entrapment is not interjected to establish the absence of an essential element of the crime but to present facts collateral or incidental to the criminal act which justify acquittal on the ground of an overriding public policy to deter instigation of crime by enforcement officers in order to get a conviction."

\* \* \*

"Essentially, a hard analysis of each entrapment case invariably leads to the conclusion that the accused is affirmatively alleging that, even if culpable, he should be insulated from prosecution due to the impropriety of the government conduct. The challenge focuses exclusively upon the nature of the police conduct which, if improper, will not be mitigated, justified or excused in any fashion by the disposition of the accused." (Emphasis supplied.)

As the defense of entrapment depends upon resolutions of factual disputes, the trial court, not the Court of Appeals, must ascertain the facts. *People v Cushman,* 65 Mich App 161, 167; 237 NW2d 228 (1975).

For the reasons stated, I believe a remand for an evidentiary hearing on the issue of entrapment should be granted.