PEOPLE v BAKER #1

Docket No. 47420. Submitted December 8, 1980, at Lansing.—Decided
    January 23, 1981.

Archie D. Baker was convicted of one count each of first-degree
    and second-degree criminal sexual conduct, Oakland Circuit
    Court, William J. Beer, J. Defendant appeals, alleging, *inter
    alia,* that the trial court erred in its instructions to the jury, in
    failing to conduct a hearing to establish an independent basis
    for the complainant's in-court identification of the defendant,
    and in sentencing defendant to mandatory imprisonment. *Held:*

1. The trial court's instructions on both first-degree and
    second-degree criminal sexual conduct failed to include refer-
    ence to force or coercion or to personal injury, which are
    essential elements of both offenses. The instructions given did
    not sufficiently inform the jury of the elements necessary to
    convict the defendant of the charged offenses.

2. All lesser included offenses which are supported by the
    evidence are to be instructed on upon request.

3. Life imprisonment is not mandatory upon conviction of
    first-degree criminal sexual conduct.

Reversed and remanded.

1. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — ELEMENTS OF
    CRIME.

A defendant's failure to object at trial to the trial court's failure
    to instruct the jury on an essential element of the crime
    charged does not preclude appellate review.

2. RAPE — CRIMINAL SEXUAL CONDUCT — FORCE AND COERCION —
    INJURY — STATUTES.

Force or coercion and personal injury are essential elements of

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    75 Am Jur 2d, Trial §§ 713, 715, 906.
[2] 65 Am Jur 2d, Rape § 2 *et seq.*
[3] 75 Am Jur 2d, Trial §§ 574, 576, 876 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 592.

both first- and second-degree criminal sexual conduct (MCL 750.520b[1][f], 750.520c[1][f]; MSA 28.788[2][1][f], 28.788[3][1][f]).

3. Criminal Law — Jury Instructions — Lesser Included Offenses.
    A trial court must instruct a jury upon all lesser included offenses which are supported by the evidence when the court is requested to do so.

4. Criminal Law — Sentencing — Criminal Sexual Conduct — Statutes.
    A sentencing court has the discretion to sentence a defendant convicted for first-degree criminal sexual conduct to imprisonment for life or for any term of years (MCL 750.520b[2]; MSA 28.788[2][2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. Burns, P.J., and Allen and D. F. Walsh, JJ.

Per Curiam. On June 29, 1979, defendant was convicted by jury in Oakland County Circuit Court of one count of first-degree criminal sexual conduct in violation of MCL 750.520b; MSA 28.788(2), and of one count of second-degree criminal sexual conduct in violation of MCL 750.520c; MSA 28.788(3). Sentenced to life imprisonment on the first count and 7-1/2 to 15 years imprisonment on the latter, defendant appeals as of right raising several errors, at least one of which requires reversal.

Defendant is correct in asserting that the trial court's instructions with regard to both first- and second-degree criminal sexual conduct (hereinafter

CSC) were reversibly erroneous. Although defendant did not object at trial, review of failure to instruct on an essential element of the crime is not precluded by lack of objection. *People v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979), *People v Ashford,* 91 Mich App 693, 697; 283 NW2d 830 (1979).

In the present case, the trial court's instruction on first-degree CSC concerned only penetration and omitted reference to either force or coercion and/or personal injury.[1] The trial court's instruction on second-degree CSC concerned only contact and personal injury and omitted reference to force or coercion. Force or coercion and personal injury are essential elements of both first- and second-degree CSC. MCL 750.520b(1)(f), 750.520c(1)(f); MSA 28.788(2)(1)(f), 28.788(3)(1)(f), *People v Thompson,* 76 Mich App 705, 708; 257 NW2d 268 (1977), *People v Sommerville,* 100 Mich App 470; 299 NW2d 387 (1980). Unlike *Sommerville,* wherein the jury was given a verdict form correctly listing each element of the charged offenses, after a review of the instructions we do not find that the instructions sufficiently informed the jury of the elements necessary to convict defendant of the charged offenses. Therefore, reversal is mandated.

Upon retrial, the trial court should be aware that the Michigan Supreme Court has mandated that all lesser included offenses which are supported by the evidence *must* be instructed on upon request. Failure to give such instruction upon request is error. *People v Ora Jones,* 395 Mich 379;

---

[1] Additionally, the trial court's instruction with regard to penetration was faulty. The instruction required penetration by the defendant's penis. This is incorrect. Penetration may occur, as was alleged in the present case, with the defendant's finger. MCL 750.520a(h); MSA 28.788(1)(h), *People v Denmark,* 74 Mich App 402; 254 NW2d 61 (1977).

236 NW2d 461 (1975), *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). The trial court should also be aware of the benefits of conducting a *Wade* hearing when identification is an issue. *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). Where the risk of a tainted in-court identification is alleged, this procedure is a useful tool to aid the trial court's determination of whether an independent basis for that identification exists. *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), *People v Sorna,* 88 Mich App 351; 276 NW2d 892 (1979). While this Court need not determine, in the present case, whether the trial court abused its discretion in faiing to hold such a hearing, where the identification issue is a close one, the trial court should lean toward the granting of a request for a *Wade* hearing. Lastly, the trial court should be aware that the conviction of first-degree CSC does not result in "mandatory" life imprisonment. A sentencing court has the discretion to sentence a defendant convicted of first-degree CSC to imprisonment for life or for any term of years. MCL 750.520b(2); MSA 28.788(2)(2).

Reversed and remanded.