PEOPLE v WOLAK

Docket No. 52588. Submitted June 23, 1981, at Detroit.—Decided
October 21, 1981. Leave to appeal applied for.

Walter M. Wolak was convicted by a jury in Wayne Circuit Court
of receiving and concealing stolen property over $100 and was
sentenced, James Montante, J. Defendant appeals, contending
that the totally circumstantial evidence was insufficient to
support the verdict and that the verdict was against the great
weight of the evidence. *Held:*

1. Sufficient evidence was introduced to justify the trier of
fact in reasonably concluding that defendant was guilty beyond
a reasonable doubt.

2. The circumstances of this case, comprised of inferences
independently supported, warrant a finding of guilty knowledge
on the part of the defendant. The verdict was not against the
great weight of the evidence.

3. The trial court did not err in failing to give *sua sponte* a
jury instruction to the effect that if the evidence more strongly
indicated that defendant was the thief, he could not be con-
victed of receiving and concealing stolen property.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — REASONABLE DOUBT.
The standard for reviewing a claim of insufficient evidence in a
criminal case requires sufficient evidence to have been intro-
duced to justify the trier of fact in reasonably concluding that
defendant is guilty beyond a reasonable doubt.

2. RECEIVING STOLEN GOODS — CRIMINAL LAW.
The elements of the crime of receiving and concealing stolen

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 883.
[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 3 *et
seq.*
[3] 30 Am Jur 2d, Evidence §§ 1170, 1171.
 63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.
[4] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 9.
[5] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 11.
[6] 5 Am Jur 2d, Appeal and Error §§ 623, 811.

property are: (1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — CIRCUMSTANTIAL EVIDENCE.

A prosecutor in a criminal case based upon circumstantial evidence is not required to negate every reasonable hypothesis consistent with the defendant's innocence.

4. RECEIVING STOLEN GOODS — MENS REA — KNOWLEDGE — GUILTY KNOWLEDGE.

Guilty knowledge that the goods were previously stolen is an element of the crime of receiving stolen goods, but such guilty knowledge may be actual or constructive and, while mere possession is not sufficient in and of itself to show guilty knowledge, the circumstances accompanying the transaction may justify the inference by the jury that the defendant received the goods on belief that they were stolen.

5. CRIMINAL LAW — THIEVES — RECEIVING STOLEN GOODS.

A thief may not be convicted of receiving and concealing property which he himself stole.

6. APPEAL — JURY INSTRUCTIONS.

Appellate review of a trial court's failure to give a specific jury instruction is generally precluded absent a request for that instruction; however, review is not precluded when the trial court fails to instruct on an essential element of the crime.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. Gillis, P.J., and Bashara and K. N. Sanborn,* JJ.

K. N. Sanborn, J. Defendant was convicted by a jury of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. He was sentenced to two to five years and appeals as of right.

Joseph Gordon was looking out his front window when he saw a vending van park by a post office. After the driver got out and went into the post office, a man walked up to the back of the post office and looked into a window of the building. The man then beckoned and a green van pulled up behind the first van. The man went to the green van, put on gloves, and then opened the door of the vending van. He removed four bags and two cartons and placed them into the green van. Gordon wrote down the license number of the green van and gave it to the driver of the vending van.

The police received an address for the owner of the green van after a LEIN check on the registration. As they approached the address, about one-half hour after Gordon's observations, they saw the green van parked by the curb with its rear door open. A black Cadillac with its trunk open was parked in the middle of the street next to the van. Three men were standing near the vehicles. Defendant closed the door of the van and codefendant North closed the trunk of the car.

The police procured search warrants. North had locked the keys in the car and Wolak volunteered to open it. Defendant opened the door with a metal strip "door opener". The police discovered two boxes of cartons of cigarettes in the back seat of the Cadillac and money in bags in the trunk.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Several tools, including dent pullers, a lock cutter and crowbars, were found in the van. Also in the van was a notebook containing information regarding routes and delivery times of the vending trucks. Stacks of coins were found on a table in a house.

Michael Lindhurst, the driver of the vending van, identified two exhibits as cases of cartons of cigarettes because his name was on them along with the markings "Stereo" and "10". Dean Diesing, who filled the order for Stereo Music, stated that he wrote "Stereo, Mike, 10" on one box and the "10" on the other box.

Alex Venettis owned Stereo Music and Stereo Vending. He determined that 58 cartons of cigarettes were missing which had a value of about $232. Money also was missing from the van safe.

Defendant contends that the totally circumstantial evidence was insufficient to support the verdict and that the verdict was against the great weight of the evidence.

The standard for reviewing a claim of insufficient evidence as stated in *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), requires that sufficient evidence be introduced to justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt. See, also, *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981).

The elements of receiving and concealing stolen property are as follows:

"(1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of

the defendant that the property received or concealed had been stolen." *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977).

Defendant challenges the sufficiency of elements three and five, arguing that guilty knowledge could only be established by improper pyramiding of inferences. He also contends that the prosecution failed to negate all theories consistent with innocence.

We first reject the proposition that every reasonable hypothesis consistent with innocence must be negated. *People v Williams,* 94 Mich App 406; 288 NW2d 638 (1979), *People v McWilson,* 104 Mich App 550; 305 NW2d 536 (1981).

We also find the evidence sufficient. Guilty knowledge may be actual or constructive. *People v Martinovich,* 18 Mich App 253, 257; 170 NW2d 899 (1969). While mere possession is not sufficient in and of itself to show guilty knowledge, *People v Grandahl,* 16 Mich App 221; 167 NW2d 802 (1969), the circumstances accompanying the transaction may justify the inference by the jury that the defendant received the goods on belief that they were stolen. *People v Lauzon,* 84 Mich App 201, 207; 269 NW2d 524 (1978).

The circumstances in the present case, comprised of inferences "independently supported", *McWilson, supra,* 555, warrant a finding of guilty knowledge. Defendant's van, identified by license number, was found with the door open a short time after the theft was observed. The Cadillac was parked in the street with the trunk open. The open van and open trunk were closed as the police arrived. The stolen cartons were found in the Cadillac. These facts warrant the inference that defendant knew the cartons were stolen and transferred from the green van into the Cadillac. The

verdict similarly was not against the great weight of the evidence.

Apart from his contention that there was insufficient evidence to convict of receiving and concealing, defendant claims that the evidence more strongly indicated that he was in fact the thief. Therefore, defendant claims error from the trial court's failure to *sua sponte* give an instruction based upon *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978).

In construing the receiving and concealing statute, the Court stated:

"Therefore, the statute should be strictly construed to exclude thieves who conceal property they have stolen. Under the Michigan statutory scheme, thieves are to be punished for larceny. Persons who help thieves or others conceal stolen property are to be punished for aiding in the concealment of stolen property.

\*   \*   \*

"The people argue that the convictions should be affirmed because the jurors were free to believe the evidence produced in each case tending to show that the defendant aided in the concealment of stolen property and disbelieve the evidence tending to show that the defendant was the thief.

"This argument would be acceptable if the jurors had been instructed that they must acquit the defendant of buying, receiving or aiding in the concealment of stolen property if they believed that the defendant was the thief. Because the jurors were not informed of this crucial legal fact, they may have rendered verdicts of guilty even though they believed that the defendant in each case was the actual thief. Therefore, the prosecution's argument must be rejected and the defendants' convictions must be reversed." (Footnote omitted.) *Kyllonen, supra,* 148, 150-151.

Thus, the actual thief may not be convicted of receiving and concealing stolen property. Signifi-

cantly, in *Kyllonen,* one defendant confessed to being the thief and the evidence clearly indicated that the other defendant was also the thief. See, also, *People v Richards,* 95 Mich App 433; 291 NW2d 69 (1980), *People v Bonner,* 102 Mich App 514; 302 NW2d 253 (1980). In the present case, defendant has not admitted to being the thief. We decline, however, to review the question of whether defendant could have been convicted of larceny thereby requiring a *Kyllonen* instruction.

No such instruction was requested by defendant. *Cf. People v Wilbert,* 105 Mich App 631; 307 NW2d 388 (1981), where such an instruction was requested and this Court reviewed the evidence to determine whether the defendant could have been convicted of aiding and abetting the larceny. Appellate review is generally precluded absent a request for an instruction, *People v Jackson,* 98 Mich App 735, 739; 296 NW2d 348 (1980). Review is not precluded when the trial court fails to instruct on an essential element of the crime, *People v Baker #1,* 103 Mich App 255, 257; 303 NW2d 14 (1981).

The rule enunciated in *Kyllonen* is not an essential element of the crime of receiving and concealing stolen property. Rather, *Kyllonen* provides only that the thief may not be convicted of that crime. It provides a possible "escape hatch" for a defendant who clearly was the thief yet was not charged with larceny for some reason. Thus, it should be incumbent upon the defendant to request such an instruction when he feels the circumstances warrant. See, *e.g., Wilbert, supra.* A defendant cannot be permitted to circumvent the trial court and raise alleged errors on appeal after an undesirable verdict.

A defendant may purposefully request or not

request such an instruction as a matter of trial strategy depending upon how strongly the evidence indicates he was the thief. We decline to place the burden on the trial court to *sua sponte* determine if the evidence could support a finding that the defendant was the thief and, if so, to give a *Kyllonen* instruction.

We have examined defendant's remaining contentions and find no reversible error.

Affirmed.