PEOPLE v PETERS

Docket No. 64966. Submitted May 11, 1983, at Lansing.—Decided
July 28, 1983.

Melvin Peters was convicted, on his plea of guilty, of receiving
and concealing stolen property of a value in excess of $100,
Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant
appeals, alleging that the facts elicited from him at the plea-
taking proceeding were insufficient to support a conviction and
that a sentence bargain was not fulfilled. *Held:*

1. The factual basis for the plea was sufficient to support the
conviction. Further, defendant's argument that the recitation of
facts elicited at the plea-taking proceeding show that he was
the thief and cannot, therefore, be convicted of receiving and
concealing stolen property is not supported by the record.

2. Defendant was sentenced to a longer prison term than that
agreed to in return for his guilty plea. The case is to be
remanded for resentencing in accord with the original agree-
ment.

Affirmed in part and remanded.

M. J. Kelly, J., concurred. He would not, however, require a
court accepting a plea to a charge of receiving and concealing
stolen property to satisfy itself on the record that the defendant
was not the thief by inquiring whether he stole the property
that he was accused of possessing.

Opinion of the Court

1. Criminal Law — Guilty Pleas — Factual Basis for Plea.

A factual basis for acceptance of a plea of guilty exists if an
inculpatory inference can reasonably be drawn by a factfinder
from the facts admitted by the defendant even if an exculpa-
tory inference could also be drawn and the defendant asserts
that the latter is the correct inference.

References for Points in Headnotes

[1, 2, 4] 21 Am Jur 2d, Criminal Law § 489.

[2, 4] 66 Am Jur 2d, Receiving Stolen Property § 3.

[3] 21 Am Jur 2d, Criminal Law §§ 481, 485.

2. RECEIVING STOLEN GOODS — THEFT — GUILTY PLEAS.

A thief who conceals the property he has stolen is not guilty of receiving and concealing stolen property; therefore, a defendant's plea of guilty to a charge of receiving and concealing stolen property is not supported where the factual basis elicited for the plea shows that the defendant was the thief.

3. CRIMINAL LAW — APPEAL — GUILTY PLEAS — PLEA AGREEMENT.

The Court of Appeals has the discretion to choose between vacating a defendant's guilty plea or ordering specific performance of a plea agreement where the defendant's plea was induced by an unkept promise; the defendant's choice of remedy is accorded considerable weight.

CONCURRENCE BY M. J. KELLY, J.

4. RECEIVING STOLEN GOODS — ELEMENTS OF OFFENSE — GUILTY PLEAS.

*The fact that a defendant, charged with receiving and concealing stolen property, did not steal the property should not be an essential element of the offense of receiving and concealing stolen property; therefore, it is not required that a plea-taking court satisfy itself on the record that a defendant was not the thief when establishing a factual basis for a plea to a charge of receiving and concealing stolen property.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Michael A. Courtney,* for defendant on appeal.

Before: MacKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

PER CURIAM. Defendant pled guilty to receiving and concealing stolen property of a value in excess of $100, MCL 750.535; MSA 28.803. Defendant was sentenced to imprisonment for two to five years, and he appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

The factual basis elicited to support the plea was as follows:

"*The Court:* Okay. Would you tell me what you did that you think you're guilty of? What did you do?

"*Defendant:* Breaking into my mother's house.

"*The Court:* Breaking into your mother's house?

"*Defendant:* Property—possession of silver and clothes.

"*The Court:* Okay. Did you know at the time you did this that it was, in fact, stolen property?

"*Defendant:* Yes, I did.

"*The Court:* Okay. And when did this happen?

"*Defendant:* Ten six, eighty-one.

"*The Court:* October 6th of 1981. And where did this happen?

"*Defendant:* At 1108 Miner.

"*The Court:* At 1108 Miner in the City of Ann Arbor, Michigan?

"*Defendant:* Yeah.

"*The Court:* Okay. Was this property worth more than $100?

"*Defendant:* Yes, it was."

Defendant argues that the foregoing was insufficient to support his plea. In *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), the Court explained:

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference."

Defendant first argues that the factual basis elicited was insufficient to establish the value of the property. However, this argument is without merit in view of defendant's express admission

concerning the value of the property. Defendant also argues that the factual basis elicited showed him to be the thief. Thieves who conceal the property they have stolen are not guilty of receiving and concealing stolen property. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). Where the factual basis elicited shows that defendant was the thief, a plea to receiving and concealing stolen property is not supported. *People v Ashford,* 407 Mich 870 (1979); *People v Schuster,* 86 Mich App 601; 272 NW2d 352 (1978); *People v Richards,* 95 Mich App 433, 438-439; 291 NW2d 69 (1980). See also *People v Bonner,* 102 Mich App 514; 302 NW2d 253 (1980), in which the Court remanded such a case to give the prosecutor an opportunity to show that defendant assisted in the concealment of the stolen property after transferring it to others. Here, however, the record merely shows that defendant broke and entered his mother's home. The record does not show that defendant stole anything from his mother or that the stolen property which defendant received and concealed was stolen during the breaking and entering. Because the factual basis does not show that defendant was the thief who stole the property at issue, the factual basis elicited was sufficient to support defendant's plea.

The record shows that defendant pled guilty in return for a promise that he would not receive a harsher sentence than imprisonment for 1-1/2 to 5 years. The sentence defendant received did not comply with this agreement. Where defendant's plea is induced by an unkept promise, the Court has discretion to choose between vacating the plea or ordering specific performance of the plea agreement as the appropriate remedy, with defendant's choice of remedy being accorded considerable

weight. *People v Stevens,* 45 Mich App 689, 692-
696; 206 NW2d 757 (1973); *People v Nickerson,* 96
Mich App 604, 607; 293 NW2d 644 (1980). Here,
defendant has requested that he be resentenced in
accord with the original agreement, and on this
record, resentencing appears to us to be the appro-
priate remedy. On remand, defendant shall not
receive a harsher sentence than imprisonment for
1-1/2 to 5 years.

Affirmed in part and remanded for further pro-
ceedings consistent with this opinion.

M. J. KELLY, J. *(concurring).* The instant sce-
nario is difficult to distinguish from that occurring
in *People v Kyllonen,* 402 Mich 135, 150; 262
NW2d 2 (1978), a non-guilty plea case, in which
the Supreme Court inferred, without actually hold-
ing, that a factfinder must find beyond a reason-
able doubt that the defendant was not the thief in
order to convict him of receiving and concealing
stolen property. I am convinced that a defendant's
non-theft of the property involved should *not* be
an essential element of the offense of receiving and
concealing stolen property. Accord, *People v Wo-
lak,* 110 Mich App 628, 634; 313 NW2d 174 (1981),
*lv den* 414 Mich 940 (1982). I do not believe,
therefore, that the import of *Kyllonen* to guilty-
plea proceedings is a requirement that a plea-tak-
ing court satisy itself on the record that defendant
was not the thief by asking him whether he him-
self stole the property that he is charged with
possessing.

The essential question is whether the defen-
dant's statements in the instant case established
support for a finding that he is guilty of the
charged offense. See GCR 1963, 785.7(3)(a). Since
defendant's statements do establish support for a

finding that he possessed stolen property, knowing it to be such, and his statements do not reflect that he stole the property, his conviction must be affirmed.