PEOPLE v RUTER

Docket No. 104497. Submitted January 6, 1989, at Lansing. Decided
     May 2, 1989.
     Norman E. Ruter was charged in Isabella Circuit Court with
     conspiracy to break and enter an occupied dwelling to commit
     a larceny or a felony therein and with breaking and entering
     an occupied dwelling to commit a larceny or a felony therein.
     Defendant and the prosecutor entered into a plea agreement
     whereby the defendant agreed to plead no contest to the
     conspiracy charge and the prosecutor agreed to recommend a
     six-month sentence. Defendant pled guilty to the conspiracy
     charge. The court accepted the plea, but, prior to sentencing,
     the prosecutor, a newly assigned one, began arguing for a
     greater sentence because he believed the recommended sen-
     tence was too lenient. At the sentencing hearing, the judge
     announced that he intended to sentence defendant to two to
     fifteen years in prison and gave defendant the opportunity to
     withdraw his plea. Defendant withdrew the plea, was subse-
     quently tried by jury and convicted of both original charges,
     and was sentenced to concurrent prison terms of seven to
     fifteen years and ordered to pay restitution, Paul F. O'Connell,
     J. Defendant appealed.
          The Court of Appeals held:
          1. A defendant has a right to have the prosecutor fulfill all
     portions of a plea agreement that are significant enough to
     induce the defendant to accept the agreement even though the
     sentencing judge says that such a recommendation would not
     have influenced him. The prosecutor clearly violated the plea
     agreement in this case. At that point, defendant could have
     moved for specific performance of the plea agreement or to
     withdraw his plea. Defendant chose to withdraw his plea and
     demanded and received a trial by jury. It was only after he was
     convicted and sentenced that defendant began demanding spe-
     cific performance. Defendant was afforded due process in the

REFERENCES
Am Jur 2d, Criminal Law § 485.
Right to withdraw guilty plea in state criminal proceeding. 66
     ALR3d 902.

vacation of his plea and subsequent jury trial and is not entitled to more than one remedy simply because the first did not result in a disposition to his liking.

2. Defendant's contention that his right to be sentenced on the basis of accurate information was violated because the court deviated from the sentencing guidelines on the basis of inaccurate information in the presentence report is rejected. The trial court accepted defendant's allegations with regard to valuation as true, and defendant was sentenced on accurate information.

Affirmed.

1. CRIMINAL LAW — PLEA AGREEMENTS — VIOLATION OF AGREEMENT BY PROSECUTOR — REMEDIES — ELECTION OF REMEDIES.

A defendant has a right to have the prosecutor fulfill all portions of a plea agreement that were significant enough to induce the defendant to accept the agreement even though the sentencing judge says that such a recommendation would not have influenced him; where the prosecutor violates the plea agreement, the defendant can move either for specific performance of the agreement or to withdraw his plea and proceed to trial.

2. CRIMINAL LAW — PLEA AGREEMENTS — REMEDIES — ELECTION OF REMEDIES.

A defendant who elects to withdraw his guilty plea and proceed to trial after the prosecutor has violated their plea agreement is not thereafter entitled to specific performance of the agreement simply because his trial and sentencing does not result in a disposition to his liking.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Ellen E. Mason,* for defendant on appeal.

Before: HOOD, P.J., and BEASLEY and T. M. BURNS,* JJ.

PER CURIAM. Defendant appeals as of right his conviction of conspiracy to break and enter an

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

occupied dwelling to commit a larceny or a felony therein, i.e., malicious destruction of real property, MCL 750.157a; MSA 28.354(1), MCL 750.110; MSA 28.305, and the actual breaking and entering of an occupied dwelling to commit a larceny or a felony therein, i.e., malicious destruction of property, MCL 750.110; MSA 28.305. We affirm.

Originally charged with these offenses on March 19, 1986, defendant and the prosecutor entered into a plea agreement: defendant agreed to plead no contest to the conspiracy charge[1] and the prosecutor agreed to recommend a six-month sentence.

The first of defendant's claims on appeal arises from a discussion held between the circuit judge, defense counsel, and the newly assigned prosecutor on June 17, 1987, prior to defendant's scheduled sentencing on the accepted conspiracy plea. The new prosecutor told the judge in chambers that he would place the recommendation for a six-month sentence on the record as the original prosecutor had promised defendant would be done. According to defense counsel, the prosecutor then began to argue strenuously for a greater sentence because he believed the recommended sentence was too lenient. However, the prosecutor claims that before he began to argue for a greater sentence, the judge indicated that he thought six months was too lenient. The prosecutor also claims that he did not make his comments for the purpose of changing the judge's mind.

During the sentencing hearing, the trial judge announced that he intended to sentence defendant to two to fifteen years in prison and gave defen-

---

[1] The prosecution also agreed to dismiss the breaking and entering charge upon acceptance of defendant's no contest plea to the conspiracy charge, to dismiss separate charges for absconding on bond and being an habitual offender, and to remain silent at defendant's sentencing for a malicious destruction of property conviction involving a different ex-wife of defendant.

dant the opportunity to withdraw his plea. Defendant withdrew his plea, was subsequently tried by jury before a different judge and convicted of both original charges, and was sentenced to concurrent prison terms of seven to fifteen years and ordered to pay restitution.

Defendant first argues that the defendant's right to have a prosecutor fulfill all significant portions of a plea agreement was violated and that he is entitled to relief under *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971). We agree. The *Santobello* Court ruled that the defendant had a right to have the prosecutor fulfill all portions of the plea agreement that were significant enough to induce the defendant to accept the agreement even though the sentencing judge says that such a recommendation would not have influenced him. *Id.,* at 262.

In this case, the prosecutor clearly violated the plea agreement to recommend six months imprisonment by arguing to the judge in chambers before sentencing that a six-month sentence was too lenient. The six-month sentence recommendation was a primary reason why defendant entered the plea agreement, and under *Santobello* defendant was entitled to have the prosecutor fulfill that promise.

This Court has given a defendant's preference in choice of remedies great weight in cases where the prosecutor breaches the plea agreement.[2] However, in this case defendant's preference for specific

---

[2] See, for example, *People v Peters,* 128 Mich App 292, 295-296; 340 NW2d 317 (1983), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973), *People v Stevens,* 45 Mich App 689, 693; 206 NW2d 757 (1973), and *People v Eck,* 39 Mich App 176; 197 NW2d 289 (1972). It is not clear whether this Court's disposition was in accordance with defendant's preference in *People v Nickerson,* 96 Mich App 604; 293 NW2d 644 (1980), or *People v Hildabridle,* 45 Mich App 93; 206 NW2d 216 (1973).

performance of the original bargain, while very understandable, is not appropriate.

Unlike any case we have discovered and unlike any case cited by defendant in support of his position, defendant here has already been afforded the opportunity to withdraw his plea. Defendant did not move for specific performance of the agreement at the time of the prosecutor's breach, but exercised his option to withdraw his plea and demanded and received a trial by jury. Only after defendant was duly convicted of both original charges and sentenced did he begin demanding specific performance.

The *Santobello* Court did not hold that the constitution compels specific performance as the remedy for the breach of a plea agreement. See *People v Gallego,* 430 Mich 443, 450; 424 NW2d 470 (1988), citing *Mabry v Johnson,* 467 US 504; 104 S Ct 2543; 81 L Ed 2d 437 (1984). We see no reason why defendant should be entitled to more than one remedy simply because his exercise of the option to the first remedy, i.e., withdrawal of his plea, did not result in a disposition to his liking. The *Santobello* decision was grounded on due process considerations.[3] Defendant was afforded due process in the vacation of his plea and subsequent jury trial.

Defendant also claims that his right to be sentenced on the basis of accurate information was violated when the trial court deviated from the sentencing guidelines on the basis of inaccurate information in the presentence report which was supplied by the victim, defendant's ex-wife.

At sentencing, the only objections defense counsel made to the presentence report were directed to: (1) an addendum to the victim impact state-

---

[3] *Gallego, supra,* 430 Mich 449-450, n 2, citing *Mabry, supra,* 467 US 509.

ment, apparently made part of the presentence report, which listed the victim's itemization of damages for purposes of restitution; and (2) the probation department's valuation of a leather davenport, two chairs, and two ottomans at $9,000 (total). According to defendant, those items were purchased for $1,800 and similar items were then on sale for $599. In response to these factual challenges to the presentence report, the trial court said, "Very well." Later, defense counsel indicated that, while he disputed the amount claimed, he did not dispute that the damage done to the victim's house was substantial.

The trial court noted that the sentencing guidelines recommended minimum sentence range of twelve to thirty months was inadequate and departed significantly. The departure was based at least in part on the trial court's memory of the trial testimony concerning the nature and extent of the damage done to the victim's house. Indicating that it realized that there was a "vast amount of difference between what the victim claims her loss was and what the insurance company is willing to settle for" and that a difference between the victim's and the insurance company's postures was normal preparatory to negotiations, the trial court determined that restitution was appropriate.

Defendant now claims that the disputed valuation of damages resulted in a lengthier prison term, when actually the valuation had no apparent impact on sentencing at all. If there was any impact, that impact was on the amount of restitution defendant was ordered to pay, not the length of the prison term. The length of the prison term imposed was clearly related to the circumstances of the crime and its effect on the victim, as well as defendant's past harassment, by way of malicious

destruction of property, of his first ex-wife and her family.

We do not have the benefit of the presentence report to determine to what extent if any the victim's valuation was relied upon in setting restitution. However, in attempting to set the valuation of the property as of the date of the crime, the trial court said:

> The best that can be said at the present time is found on page four of the pre-sentence report in which the Department of Corrections has recommended restitution in the sum of $7,745.00 to be paid jointly and severally along with Russell Partington. The breakdown is to Century Mutual Insurance Company, 645 [sic - $6450.00?], and Ms. Duncanson $100 [sic - $1,000.00?]. I'm holding open the remainder of restitution pending settlement of the claim between the insurance company and the victim.

Based on the trial court's comments, we find that the trial court accepted defendant's allegations with regard to valuation as true and that defendant was sentenced on accurate information. *People v Sutton,* 158 Mich App 755, 763; 405 NW2d 209 (1987), lv den 429 Mich 871 (1987), reconsideration den 429 Mich 871 (1988).

Affirmed.