PEOPLE v JENNINGS

Docket No. 110992. Submitted March 13, 1989, at Detroit. Decided April 10, 1989.

Robert L. Jennings pled guilty in the Lapeer Circuit Court to assault of a prison employee. The plea was made pursuant to an underlying plea agreement which called for a maximum sentence of one year and one day imprisonment. The trial court, Norman A. Baguley, J., sentenced defendant to one year and one day as both the minimum and the maximum to be served. The Department of Corrections returned the judgment of sentence to the trial court explaining that it was unable to enter a flat term of one year and one day and indicating its need for a specific maximum term. In response, the trial court entered an amended sentence to include a maximum of four years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The amended sentence violates the plea agreement. The conviction is affirmed, the sentence is set aside and the case is remanded for entry of a sentence with a maximum not to exceed one year and one day.

2. Defendant's minimum sentence may be less than one year and one day.

Conviction affirmed, sentence reversed and remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — PLEA AGREEMENTS — APPEAL.

A trial court is not bound by sentencing agreements negotiated between a defendant and the prosecution; however, once the court accepts a plea induced by such an agreement, the terms of the agreement must be fulfilled; where the agreement is subsequently not kept, a reviewing court has discretion to choose between vacating the plea or ordering specific performance, with the defendant's choice of remedy accorded considerable weight.

REFERENCES

Am Jur 2d, Criminal Law §§ 485, 535 *et seq.*

See the Index to Annotations under Criminal Law; Plea Bargaining; Sentence and Punishment.

2. CRIMINAL LAW — SENTENCING — PRISONS AND PRISONERS.
  Incarceration of a defendant in prison is mandated for felony
  convictions whenever the maximum sentence imposed is at
  least one year and one day, regardless of the minimum sen-
  tence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nick O. Holowka,* Prosecuting Attorney, and *Michael V. Goetz,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: WAHLS, P.J., and REILLY and G. S. ALLEN,* JJ.

PER CURIAM. Pursuant to an agreement with the prosecutor, defendant pled guilty to assault of a prison employee, MCL 750.197c; MSA 28.394(3). In this appeal as of right, defendant contends that he is entitled to resentencing because his amended sentence of one year and one day to four years imprisonment does not comport with the underlying plea agreement. Defendant also maintains that the trial court erred by failing to consider a minimum sentence of less than one year and one day. We agree with both assertions and remand for resentencing in accordance with this opinion.

The record does not disclose the exact terms of the original plea agreement between defendant and the prosecutor. At the taking of defendant's plea, the trial court described the agreement as one in which the defendant would plead guilty in exchange for a "one year cap on the sentence" and the dismissal of a supplemental charge for habitual offender, second offense. Both defendant and

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the prosecutor agreed that the description was correct. However, the parties subsequently indicated that the sentencing cap was set at "one year and one day." The extra day was apparently added because of the judge's concern that a lesser sentence would require incarceration in a county jail.

In any event, defendant was sentenced to a one year and one day term of imprisonment, to be served consecutively with the sentence defendant was already serving. This sentence was later amended by the trial court "to clarify that 1 year and 1 day is the minimum and the maximum to be served." However, the amended judgment of sentence was returned by the Department of Corrections. The department explained that it was unable to enter "a flat term of 1 year 1 day," and indicated their need for a "specific maximum term." In response, the trial court entered a second amended sentence to include a maximum of four years.

We agree with defendant that this final sentence violates the terms of the original plea agreement. Although the record does not indicate the exact terms of that agreement, it is clear that defendant's plea was accepted by the trial court with at least the understanding that defendant was not to serve more than one year and one day. We conclude that defendant is therefore entitled to be resentenced pursuant to that understanding.

A trial court is not bound by sentencing agreements negotiated between a defendant and the prosecution. *People v Killebrew,* 416 Mich 189, 207; 330 NW2d 834 (1982). However, once a trial court accepts a plea which was induced by such an agreement, the terms of that agreement must be fulfilled. *Santobello v New York,* 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971). Where the agreement is subsequently not kept, a reviewing

court has discretion to choose between vacating the plea or ordering specific performance, with defendant's choice of remedy accorded considerable weight. *People v Peters,* 128 Mich App 292, 295; 340 NW2d 317 (1983). In the instant case, defendant seeks specific performance. On review of the record, we find that this is an appropriate remedy. Thus, on remand, defendant shall not receive a maximum sentence in excess of one year and one day.

We also agree with defendant's assertion that the trial court erred by foreclosing the possibility of sentencing defendant to a minimum term of less than one year and one day. The record clearly reflects that the trial court assumed that a one year and one day minimum sentence was necessary to ensure that defendant's incarceration would be served in prison. However, this assumption is unfounded; incarceration in prison is mandated for felony convictions whenever the *maximum* sentence imposed is at least one year and one day, regardless of the minimum sentence. *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983); *People v Frank,* 155 Mich App 789, 791; 400 NW2d 718 (1986).

Defendant also asserts that he should be resentenced because his presentence report contained irrelevant and inaccurate information. Although we are persuaded that the trial court adequately responded to defendant's concerns as to the presentence report, see *People v Pierce,* 158 Mich App 113, 116; 404 NW2d 230 (1987), lv den 428 Mich 906 (1987), we decline to address this issue since we have concluded that defendant's sentence must be set aside on other grounds.

We affirm the conviction but reverse and remand for resentencing in accordance with this opinion.