*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 24, 2021

v

LEANDRA LYNNE TRACY,

Defendant-Appellant.

No. 352614
St. Joseph Circuit Court
LC Nos. 16-020735-FH
16-020705-FH
16-020706-FH

Before: STEPHENS, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Defendant pleaded guilty as a third-offense habitual offender, MCL 769.11, to possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*) in lower court no. 16-020705-FH; and to delivery of methamphetamine, MCL 333.7401(2)(b)(*i*) in lower court nos. 16-020706-FH and 16-020735-FH. In exchange for defendant's pleas, the prosecutor agreed to ask the trial court to withdraw the pleas and dismiss the cases if defendant successfully completed drug treatment court. On September 12, 2016, the trial court sentenced defendant to two years' probation with the requirement that defendant participate in drug treatment court. A drug treatment court order from April 30, 2018, reflects that defendant was approved for graduation at that time. On September 7, 2018, the trial court issued a bench warrant for defendant's arrest so that defendant could be arraigned on two probation violations that occurred in August and September of 2018. Eventually, on June 17, 2019, the trial court revoked defendant's probation and sentenced her to 6 to 40 years' imprisonment for each conviction. Defendant appeals by delayed leave granted the June 17, 2019 judgments of sentence.[1] We vacate defendant's judgments of sentence and remand to the trial court to enforce the plea deal placed on the record.

At a plea proceeding, a trial court must ask the prosecutor and defense counsel whether there is a plea agreement, and if there is one, the agreement must be stated on the record or reduced

---

[1] *People v Tracy*, unpublished order of the Court of Appeals, entered October 8, 2020 (Docket No. 352614).

to writing and signed by the parties. MCR 6.302(C)(1). Defendant's plea agreement was stated on the record as follows:

> *The Court*: And the agreement, Ms. Harrington [the prosecutor]?
>
> *Ms. Harrington*: Your Honor, the defendant plea [sic] as charged in all of the files as a third habitual offender. In exchange, the People agree to ask the Court to withdraw the defendant's plea and dismiss her case if she successfully completes adult drug treatment court.
>
> *The Court*: Is that correct?
>
> *Ms. Yancey* [defense counsel]: Yes, your Honor. I would just say . . . (unintelligible) dismiss the drug double, so—
>
> *The Court*: Ms. Tracy, is that your understanding?
>
> *The Defendant*: Yes.
>
>                    \*    \*    \*
>
> *The Court*: If you successfully complete the [adult drug treatment court] program, you'll be allowed to withdraw your plea and all those cases will be dismissed.
>
> Do you understand that?
>
> *The Defendant*: Yes.

The plea agreement was not reduced to writing and signed by the parties. Therefore, the plea agreement, as stated by the prosecutor and defense counsel and confirmed by defendant, only required that defendant complete drug treatment court in order to have her pleas withdrawn and the charges dismissed. It did not include any specific requirement regarding probation. At the close of the plea hearing, the trial court accepted the plea agreement as stated by the parties. In the order entered after the plea proceeding, the trial court wrote, "Prosecutor will dismiss all charges if defendant successfully completes [adult drug treatment court]."[2]

Defendant successfully completed drug treatment court in April 2018, but she was not permitted to withdraw her plea afterwards, and her charges were not dismissed. Instead, she stayed on probation, violated probation, and, as a result, her probation was eventually revoked and she was sentenced to a term of imprisonment.

---

[2] The presentence investigation report similarly provided the following description of the plea agreement: "Dismiss the Drug Double in all files. All charges will be dismissed if Adult Drug Treatment Court program is completed successfully."

After she was sentenced to a term of imprisonment, defendant filed a motion to withdraw her plea and a motion for relief from judgment to enforce her plea agreement and dismiss the charges. Defendant's argument was simple: she fulfilled her end of the plea agreement by pleading guilty and completing drug treatment court, and she wanted the prosecution to uphold its end of the bargain. The prosecution failed to file a response to defendant's motion, but at the hearing on her motion, the prosecution argued that the plea agreement was that defendant had to complete drug treatment court *and* probation to be entitled to dismissal of her charges because "drug treatment court and the probation that coincides with it are not essentially separate entities." In response, defendant argued that the plea agreement as stated on the record was that defendant only had to complete drug treatment court. After hearing the parties' arguments, the trial court reasoned that "[i]t's clear to everybody that enters" drug treatment court that "you have to complete the program and probation" before the charges can be dismissed.[3] The trial court concluded, "Our agreement is clear that you have to complete both the drug court program and the probation satisfactorily to get the full dismissal." Accordingly, the trial court denied defendant's motions.

The trial court's conclusion that defendant's plea agreement required her to complete drug treatment court *and* probation is not supported by the record. The parties did not reduce the plea agreement to a writing signed by the parties, so the only evidence of the agreement is what was placed on the record. See MCR 6.302(C)(1). To that end, the prosecutor stated that defendant would plead guilty to the three charges and "[i]n exchange, the People agree to ask the Court to withdraw the defendant's plea and dismiss her case if she successfully completes adult drug treatment court."[4] The supposed plea requirement that defendant must successfully complete any period of probation that remained following the completion of drug treatment court was never placed on the record. Not only was this requirement not articulated on the record, but the trial court's understanding of the agreement as reflected in its order after the agreement was placed on the record suggests that the court itself originally did not contemplate completion of probation as a prerequisite for dismissal of the charges pursuant to the plea agreement. Additionally, there is nothing in the record to support that defendant was ever informed in some other manner that dismissal of her charges as part of her plea agreement was premised on her completion of

---

[3] The trial court reasoned at one point that this information was "in the plan agreement." This reasoning is confusing because whatever was in "the plan agreement" is not relevant to the terms of the plea agreement. Regardless, the trial court was presumably referring to the "Adult Drug Treatment Court Participant Agreement" in the lower court record, and nowhere does that agreement state that dismissal of a participant's charges is conditioned on the participant completing drug treatment court *and* probation. To the contrary, the agreement, which was signed by defendant, states, "I understand that if I successfully complete [adult drug treatment court] any incentives promised for my successful participation will be fulfilled."

[4] It is possible that the prosecutor did not fully encapsulate the plea agreement when it placed the agreement on the record, but nothing in the lower court file supports this, so such a conclusion would be unwarranted speculation. We note, however, that if this was indeed the case, the problem could have been avoided if the prosecution reduced the plea agreement to a writing signed by the parties. MCR 6.302(C)(1).

probation. The record only supports that defendant and the prosecution agreed—and the trial court accepted—that defendant would plead guilty to the three charges and enter drug treatment court, and if she successfully completed drug treatment court, she would be allowed to withdraw her plea and the prosecution would dismiss the charges.

After defendant upheld her end of the plea agreement by pleading guilty and successfully completing drug treatment court, she was not allowed to withdraw her pleas and the prosecution did not "dismiss her case," as it agreed it would. If "a trial court accepts a plea which was induced by such an agreement," then "the terms of that agreement must be fulfilled." *People v* Nixten, 183 Mich App 95, 97; 454 NW2d 160 (1990). See also *Santobello v New York*, 404 US 257, 263; 92 S Ct 495; 30 L Ed 2d 427 (1971) (explaining that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"). "Where the agreement is subsequently not kept, a reviewing court has discretion to choose between vacating the plea or ordering specific performance, with defendant's choice of remedy accorded considerable weight." *People v Jennings*, 178 Mich App 334, 336-337; 443 NW2d 793 (1989). See also *People v Peters*, 128 Mich App 292, 295; 340 NW2d 317 (1983); *Nixten*, 183 Mich App at 97; *Puckett v United States*, 556 US 129, 137; 129 S Ct 1423; 173 L Ed 2d 266 (2009) (explaining that if "the Government" does not uphold its obligations under a plea agreement, then "the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement, allowing him to take back the consideration he has furnished, i.e., to withdraw his plea," and in other cases might be that "the Government would fully comply with the agreement—in effect, specific performance"). Because the prosecution did not uphold its end of the plea agreement, defendant was entitled to a remedy— either withdrawal of her plea or specific performance of the plea agreement.

Giving weight to defendant's preference for specific performance of the plea agreement— and particularly in light of the unique circumstances of this case—we conclude that specific performance of the plea agreement is the appropriate remedy. Again, the agreement was that the defendant would plead guilty to three charges and, if she was able to successfully complete drug treatment court, she would be allowed to withdraw her plea and the prosecution would dismiss her case. Defendant both pleaded guilty and completed drug treatment court. Thus, at the point that the prosecution refused to uphold the plea agreement, defendant had done more than simply plead guilty—she had also successfully completed drug treatment court. This is therefore not a case where defendant can "take back the consideration [she] has furnished." *Puckett*, 556 US at 137. Moreover, to now say that defendant is only entitled to withdraw her plea as a remedy for the prosecution's refusal to abide by the plea agreement when the prosecution already agreed to give defendant this concession (and more) in exchange for defendant's plea and her completion of drug treatment court runs counter to principles of fundamental fairness. In effect, defendant would have fully upheld her end of the agreed-upon bargain, but would only receive part of what she was promised. Accordingly, we conclude that defendant is entitled to "specific performance" of her

plea agreement—she is entitled to withdraw her plea, and the prosecution must uphold its end of the bargain and "dismiss [defendant's] case."[5]

Defendant's sentences are vacated, the case is remanded to allow defendant to withdraw her pleas, and, if defendant chooses to withdraw her pleas, the prosecution is ordered to abide by the terms of the plea agreement placed on the record.[6] We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien

---

[5] To any extent that the trial court could refuse to follow the sentencing agreement in this case (if at all), the result is ultimately the same due to the specifics of this case. If the trial court refused to follow the sentencing agreement, defendant would still be allowed to withdraw her pleas, see MCR 6.302(C)(3); *People v Siebert*, 450 Mich 500, 510; 537 NW2d 891 (1995), and the prosecution would then be bound by the plea agreement to dismiss the charges against defendant.

[6] In light of this case's disposition, we need not address the other issues raised on appeal.